# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CURTIS T. TROTTER,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Case No. 19-CV-974-JPS<br>Crim. Case No. 17-CR-227-JPS<br><br>**ORDER** |

      Petitioner Curtis T. Trotter pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113, and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Curtis T. Trotter*, 17-CR-227-JPS (E.D. Wis.) (the "Criminal Case"), (Docket #16). On June 1, 2018, the Court sentenced Petitioner to ten years' imprisonment. *Id.*, (Docket #30). Petitioner did not appeal.

      Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 to vacate his convictions on July 8, 2019. (Docket #1). Petitioner's motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. Indeed, Petitioner's

motion appears to be both untimely and procedurally defaulted. The Court need not address those matters, however, because both of Petitioner's grounds for relief is plainly meritless.

Petitioner's first ground for relief is the denial of effective assistance of counsel, in violation of the Sixth Amendment, namely that he asked his attorney to file a notice of appeal but the attorney refused. (Docket #1 at 6; Docket #2 at 3–4). Petitioner's memory must be faulty—or he may be intentionally attempting to revise history—because on June 15, 2018, just two weeks after his sentencing, Petitioner's attorney filed this letter with the Court:

> **FEDERAL DEFENDER SERVICES OF WISCONSIN, INC.**
> LEGAL COUNSEL
>
> Craig W. Albee, Federal Defender
> Krista A. Halla-Valdes, First Assistant
>
> Joseph A. Bugni, Madison Supervisor
> John W. Campion
> Shelley M. Fite
> Anderson M. Gansner
> Gabriela A. Leija
> Peter R. Moyers
> Ronnie V. Murray
> Tom E. Phillip
> Joshua D. Uller
> Kelly A. Welsh
>
> 517 East Wisconsin
> Suite 182
> Milwaukee, Wisconsin 53202
>
> Telephone 414-221-9900
> Facsimile 414-221-9901
>
> June 4, 2018
>
> Hon. J. P. Stadtmueller
> United States District Court
> for Eastern District of Wisconsin
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202
>
> RE: *United States v. Curtis Trotter*
> Case No. 17-CR-227
>
> Dear Judge Stadtmueller:
>
> Undersigned counsel has discussed with Mr. Trotter his appellate rights. Mr. Trotter has considered his options and has informed counsel that he has decided not to appeal.
>
> Sincerely,
>
> **Anderson M. Gansner**
> *Counsel for Curtis Trotter*
>
> **Curtis Trotter**
>
> Milwaukee · Madison · Green Bay

Criminal Case, (Docket #32). The letter confirms that Petitioner instructed his attorney *not* to appeal, and it bears his signature.

Petitioner's second ground for relief is that his sentence was "improperly enhanced" with his Section 924(c) conviction, in violation of his due process rights under the Fifth Amendment. (Docket #1 at 7; Docket #2 at 5–7). A Section 924(c) conviction requires a predicate offense, namely a "crime of violence." 18 U.S.C. § 924(c)(3). Petitioner contends that his convictions for bank robbery do not qualify as "crimes of violence" because they can be accomplished merely by intimidation. (Docket #2 at 5–7). This precise argument was considered and rejected by the Seventh Circuit, which held that bank robbery is indeed a "crime of violence" for purposes of Section 924(c). *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016). This Court agrees with the analysis in *Armour* and, in any event, must follow it as binding precedent.

Because Petitioner is plainly not entitled to relief on the two grounds presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner's motion presented any viable grounds for relief. He signed a letter acknowledging waiver of his right of appeal, and *Armour* completely forecloses his claim regarding the Section 924(c) conviction. As

a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's motion.

Finally, the Court closes with some information about the actions that Petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

The Court will also deny Petitioner's motion for leave to proceed in this action *in forma pauperis*, (Docket #3), as there is no filing fee associated with the filing of a motion to vacate in a federal criminal case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge